UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                         :
THE KENTSHIRE LAND, LLC,                 :
                                         :
        Plaintiff,                       :
                                         :
        v.                               :      **MEMORANDUM & ORDER**
                                         :
GENERAL STAR INDEMNITY                   :      Civil Action No: 05-5599 (JCL)
COMPANY and ST. PAUL FIRE AND            :
MARINE INSURANCE COMPANY,                :
                                         :
        Defendants.                      :
                                         :
_____  :

## LIFLAND, District Judge

This matter comes before the Court upon an Order to Show Cause, filed December 30, 2005, ordering defendants, General Star Indemnity Company ("GenStar") and St. Paul Fire and Marine Insurance Company ("St. Paul") (collectively "Defendants"), to show cause why this case should not be dismissed for lack of subject matter jurisdiction. For the reasons expressed herein, Defendants have ten days to provide support for their claim of federal diversity jurisdiction.

## BACKGROUND

On October 21, 2005, plaintiff The Kentshire Land, LLC ("Kentshire") filed a Complaint in the Superior Court of New Jersey, Bergen County against defendants

General Star Indemnity Company ("GenStar") and St. Paul Fire and Marine Insurance Company ("St. Paul") (collectively "Defendants").  The Complaint alleged claims for breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty.  The dispute stemmed from a "builder's risk" insurance policy issued by Defendants to protect Kentshire against losses that might occur during the construction of a senior-citizen apartment complex in Midland Park, New Jersey.

Defendants sought to remove this case to federal court based on federal diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction requires opposing parties to be citizens of different states.  In this context, a corporation is considered to be a citizen of both the state of incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c).  GenStar is a Connecticut corporation with its principal place of business in Connecticut; St. Paul is a Minnesota corporation with its principal place of business in Minnesota.  However, Kentshire is not a corporation.  The Complaint identified Kentshire as a limited liability company organized under the laws of New Jersey with its principal place of business in Greenwich, Connecticut.  (Complaint ¶ 1.)  There are no allegations in the Complaint or in the removal petition as to the citizenship of the individual members of Kentshire.  Indeed, no members of Kentshire are identified whatsoever.

The burden of establishing federal jurisdiction is placed on the party seeking

2

removal.  Dukes v. U.S. Healthcare Inc., 57 F.3d 350, 359 (3d Cir. 1995).  The Order

to Show Cause issued on December 30, 2005 provided Defendants with a second

opportunity to set forth the basis for Kentshire's citizenship so that diversity

jurisdiction could be properly determined by this Court.  Rather than identify the

citizenship of Kentshire's members, however, Defendants submitted a brief arguing

that New Jersey does not follow the rule that treats limited liability companies as

unincorporated associations for the purposes of determining diversity of citizenship.

The Third Circuit has not specifically addressed the question of a limited

liability company's status for purposes of federal diversity jurisdiction.  District

courts within the Third Circuit and courts in other circuits have applied the rule, first

articulated in Carden v. Arkoma Assocs., 494 U.S. 185, 187-192 (1990), that only

corporations, and not other business entities such as limited partnerships, are

considered citizens of the state which created it.  The Carden rule pertains to limited

liability companies as well as limited partnerships.  See Handelsman v. Bedford

Village Assoc. Ltd., 213 F.3d 48, 51-52 (2d Cir. 2000) (concluding that diversity was

lacking because "Partner Representatives" of both plaintiff and defendant limited

liability companies were from the same state); Cosgrove v. Bartolotta, 150 F.3d 729,

731 (7th Cir. 1998) (stating that, for the purposes of diversity jurisdiction, a limited

liability company has the citizenship of its membership); Pippett v. Waterford

Development Corp., 166 F. Supp. 2d 233, 236 (E. D. Pa. 2001) ("Waterford is a
limited liability company, an unincorporated association which is like a limited
partnership for the purposes of diversity jurisdiction."); Ketterson v. Wolf, 2001 WL
940909, *3 (D. Del. 2001) (concluding that a limited liability company is a citizen of
the states of which its individual members are citizens); see also 1 Larry E. Ribstein
& Robert R. Keatinge, Limited Liability Companies § 10:6 (2005) (identifying cases
and concluding that "[c]itizenship of an LLC will be determined by looking through
the firm to individual members, irrespective of the entity nature of the firm for state
law").

In Carden, *supra*, the Supreme Court declined to extend the rule articulated in
§ 1332(c) to unincorporated artificial entities.  The Court stated:

> The 50 States have created, and will continue to create, a
> wide assortment of artificial entities possessing different
> powers and characteristics, and composed of various
> classes of members with varying degrees of interest and
> control.  Which of them is entitled to be considered a
> "citizen" for diversity purposes, and which of their
> members' citizenship is to be consulted, are questions more
> readily resolved by legislative prescription than by legal
> reasoning, and questions whose complexity is particularly
> unwelcome at the threshold stage of determining whether
> a court has jurisdiction.  We have long since decided that,
> having established special treatment for corporations, we
> will leave the rest to Congress; we adhere to that decision.

Carden, 494 U.S. at 197.  Whereas Congress has made substantial changes to § 1332

4

since the Carden decision, see Pub. L. No. 104-317, Title II, §205(a), 110 Stat. 3850

(1996); Pub. L. No. 109-2, § 4(a), 119 Stat. 9 (2005), it has not altered subsection (c)

to include limited partnerships, limited liability companies, or other unincorporated

entities.

Defendants ignore this ample persuasive precedent.  Instead, they point to two

cases from the District of New Jersey which, they argue, prove that a New Jersey

limited liability company is treated the same as a corporation for the purpose of

determining diversity jurisdiction.   In the unpublished opinion, Winged Lion

Holdings II, LLC v. Hevrdejs, 2005 U.S. Dist. Lexis 26347 (D.N.J. October 31,

2005), the District Court assumed without any analysis that "[p]laintiff Winged Lion

is a corporation incorporated in Delaware, with a business address in Florham Park,

New Jersey." Id. at *5.  Likewise, in Horn & Hardart Systems, LLC v. Hunter, 2005

WL 1522266 (D.N.J. June 27, 2005), the District Court stated, without discussion,

that "[s]ince Plaintiff in this case is a corporation, its citizenship status is determined

by the State of incorporation and its principal place of business, . . . which is

Pennsylvania." Id. *1 n.1.

This Court respectfully disagrees with the Winged Lion Holdings and Horn &

Hardart decisions upon which Defendants rely, and declines to follow them.   In

keeping with Pippett, Ketterson, and the rule articulated in Carden, the Court

5

concludes that, as unincorporated entities, limited liability companies are to be treated the same as limited partnerships in determining diversity jurisdiction.    An examination of the citizenship of the individual members of plaintiff The Kentshire Land LLC is thus required before diversity jurisdiction can be established.  As this information has not been presented to the Court, its jurisdiction over this matter cannot be ascertained.

Accordingly, **IT IS** on this 14th day of February 2006

**ORDERED** that Defendants shall provide the Court with information regarding the citizenship of the individual members of The Kentshire Land LLC within ten (10) days; and it is further

**ORDERED** that the case will be remanded to the Superior Court of New Jersey, Bergen County if Defendants fail to provide such information within ten (10) days of the date of this Order.


/s/ John C. Lifland, U.S.D.J.